**FILED**
**U.S. District Court**
**District of Kansas**
03/30/2026

**Clerk, U.S. District Court**
**By:** _JAL_ **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABDUL WILLIAMS, JR.,

      **Plaintiff,**

      v.                            CASE NO.  26-3071-JWL

(FNU) ACHEVEDO, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Abdul Williams, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Although Plaintiff is currently incarcerated at Butner-FCI in Butner, North Carolina, his claims are based on incidents occurring during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL").[1]  The Court provisionally grants Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that on February 21–24, 2024, at FCIL, Defendant Burton threatened to kill Plaintiff, and Defendant Hess did not feed Plaintiff because Plaintiff refused to answer his questions about what Plaintiff discussed with the SIA officer. (Doc. 1, at 5.)  Plaintiff claims that Defendant Achevedo fought Plaintiff, and after Plaintiff reported it, Achevedo told Plaintiff to stop what he was doing because his paperwork would never make it to where it needs to go. *Id.*  Plaintiff claims that Achevedo told Plaintiff that Achevedo's father is "a very high ranking member throughout the BOP" and that it would be wise if Plaintiff stopped what he was doing. *Id.*

---

[1] The facility was previously named USP-Leavenworth.

1

Plaintiff claims that his Fourth, Eighth, and Fourteenth Amendment rights were violated. *Id.* Plaintiff names as defendants: (fnu) Achevedo, Correctional Officer ("CO") at FCIL; (fnu) Burton, CO at FCIL; and (fnu) Hess, CO at FCIL. For relief, Plaintiff seeks "four years off [his] sentence and four million dollars for damages." *Id.* at 8. Plaintiff also seeks a transfer to Fort Worth, Texas; Lexington, Kentucky; or Springfield, Missouri. *Id.*

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

2

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff raised these same claims in his prior case filed in this Court. *See Williams v.*

3

*Achevedo*, Case No. 25-3161-JWL (D. Kan.).  That case was dismissed on November 3, 2025, for failure to state a claim.  *Id*. at Docs. 8, 9.  In dismissing that case, the Court found that Plaintiff failed to show that a *Bivens* remedy is available for his claims, citing *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024).

Plaintiff has raised the same claims in his instant case, but he marked the box on his Complaint indicating that he is bringing the case under the Federal Tort Claims Act ("FTCA"). (Doc. 1, at 2.)  The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties."  *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)).  The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States."  *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements.  *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted).  The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . .  A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for  . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).  "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation*

4

> *of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also*
> *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1.  The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to a suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted).  "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).  Furthermore, "[t]he United States is the only proper defendant in an FTCA action." *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Plaintiff has not alleged that he exhausted his administrative remedies as set forth above. "If the agency fails to make a final disposition of the claim in six months, the plaintiff may file an

action at that time." *Chadwell v. United States*, 2025 WL 1158277, at *2 (D. Kan. 2025) (citing 28 U.S.C. § 2675(a)).  "Further, negligence claims must be presented to the agency within two years after the claim accrues." *Id*. (citing 28 U.S.C. § 2401).  Plaintiff should show good cause why his FTCA claim should not be dismissed for failure to exhaust the administrative tort claim remedy in a proper and timely manner prior to filing this action.

Although Plaintiff marked the box for filing under the FTCA, he argues that his Fourth, Eighth, and Fourteenth Amendment rights were violated, and names the same Defendants he named in his prior case.  If Plaintiff is seeking to bring a *Bivens* action, it would be subject to dismissal for the same reasons Plaintiff's prior case was dismissed.

Plaintiff seeks to have his sentence reduced by four years and to be transferred to a different facility. When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding.  *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (holding that the sole federal remedy when challenging the fact or duration of imprisonment and seeking immediate or speedier release, is a writ of habeas corpus); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *Leffew v. Warden, FCI-Leavenworth*, 2025 WL 752501, at *2 (D. Kan. 2025) (stating that "the Bureau of Prisons (BOP) has authority concerning the designation of the place of a prisoner's confinement and the transfer of the prisoner to a different facility, and such decisions by the BOP are not reviewable by any court") (citing *see* 18 U.S.C. § 3621(b); *see also Woodley v. Warden*, 2024 WL 2260904, at *2 (D. Kan. 2024)).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the

reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $405.00 filing fee or submit a motion for leave to proceed in forma pauperis by **April 30, 2026.**  The Clerk is directed to send Plaintiff the Court-approved form for filing a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 30, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 30, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

7